**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

THOMAS W. CUNNINGHAM,

      Petitioner,

v.                                         No. CV 18-7 KG/CG

ATTORNEY GENERAL of the
STATE OF NEW MEXICO,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner Thomas W. Cunningham's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (the "Petition"), (Doc. 1), filed January 4, 2018, and Respondent Hector Balderas' *Answer to Thomas Wayne Cunningham's* Pro Se *Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 1]* (the "Answer"), (Doc. 11), filed March 21, 2018. Also before the Court is Petitioner's *Motion for Addendum to the Case*, (Doc. 7), filed January 9, 2018. United States District Judge Kenneth J. Gonzales referred this case to Chief Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 5). Having considered the parties' filings and the relevant law, the Court **RECOMMENDS** that Petitioner's *Motion for Addendum to the Case*, (Doc. 7), be **GRANTED**, the Petition, (Doc. 1), be **DENIED**, and this case be **DISMISSED WITH PREJUDICE**.

## I.    Background

This case arises from Mr. Cunningham's April 4, 2012 arrest by Officer Chris Luttrell of the Albuquerque Police Department. (Doc. 11 at 2). Officer Luttrell states he

saw Mr. Cunningham in the front passenger seat of a parked pickup truck in an unlighted loading area of a shopping center, that Valentino Romero was in the driver's seat, and an unidentified third party stood between Mr. Cunningham and the open passenger-side door. *Id.* Officer Luttrell states Mr. Cunningham engaged in a hand-to-hand transaction with the person standing by the passenger-side door, and that this individual quickly walked away from the scene when Officer Luttrell approached the truck. *Id.* at 3. Officer Luttrell further states he observed Mr. Cunningham attempt to hide what turned out to be a bag containing illegal narcotics and contraband. *Id.*

On May 29, 2013, the trial court held a hearing on Mr. Cunningham's motion to suppress the evidence that led to his arrest, at which Officer Luttrell was questioned by Mr. Cunningham's counsel and the court, and was cross-examined by counsel for the prosecution. (Doc. 1-2 at 1-66). At the hearing, Mr. Cunningham's counsel stated he had received "in the mail, an affidavit purportedly from Mr. Romero" which included a description of the encounter with Officer Luttrell that differs from Officer Luttrell's testimony, and that the affidavit stated that "[t]he police lied about the events of that night." *Id.* at 7. Defense counsel further stated that "[w]hen we did a witness interview of Mr. Romero, he essentially disavowed that affidavit," and that the affidavit would not be submitted into evidence." *Id.* at 7.

At the end of the hearing, the trial judge found Officer Luttrell had reasonable suspicion to investigate what he believed was possible criminal behavior, and that this investigation developed into probable cause to arrest Mr. Cunningham. *Id.* at 56. The Court and the parties then discussed the upcoming trial. Mr. Cunningham's counsel informed the court that Mr. Cunningham had remembered the presence of a second

officer on the scene and that Mr. Cunningham wanted to put this other officer on the witness list. *Id.* at 61. Counsel for the prosecution stated: "We have no information of [a second officer], so there's no way we could provide such an officer [as a witness], because we don't have any documents." *Id.* at 62.[1] The court reminded the parties they had until ten days before the trial to disclose their witnesses. (Doc. 1-2 at 63).

On June 11, 2013, after a jury trial, Mr. Cunningham was convicted for possession of cocaine, heroin, drug paraphernalia, and marijuana. (Doc. 11-1). He was sentenced as a habitual offender to a total term of imprisonment of 8 years and 14 days, with 2 years and 14 days suspended. *Id.* at 5. Mr. Cunningham began serving a 5-year term of supervised probation on November 24, 2015. *Id.* at 8-10.

On December 16, 2013, Mr. Cunningham appealed his conviction, arguing: (1) the trial court erred in denying his motion to suppress the contraband seized from the truck; and (2) the evidence was insufficient to support his convictions. *Id.* at 42-61. The New Mexico Court of Appeals proposed summary affirmance of Mr. Cunningham's convictions, *id.* at 62-74, after which Mr. Cunningham amended his appeal to add two claims: (1) the trial court denied his right to due process by limiting the defense's questioning of Officer Luttrell for impeachment purposes; and (2) defense counsel was ineffective for failing to call Mr. Romero as a witness, *id.* at 75-104.

In a Memorandum Opinion issued March 15, 2016, the New Mexico Court of Appeals affirmed Mr. Cunningham's conviction. (Doc. 11-2 at 108-26). It held that

---

[1] A computer aided dispatch ("CAD") report of the incident shows that a second officer, Officer Simmons, arrived at the scene approximately 20 minutes after Officer Luttrell. *See* (Doc. 1-1 at 12, showing Officer Luttrell initiated the encounter with Mr. Cunningham around 9:38 p.m., and that Officer Simmons arrived at 10:02 p.m.). However, as further explained below, the record does not show that the prosecution was aware of the CAD report at the time of Mr. Cunningham's suppression hearing or trial. In addition, from the record it appears that Mr. Cunningham received the CAD report subsequent to his trial. Neither Mr. Cunningham nor the prosecution called Officer Simmons as a witness at the trial. *See* (Doc. 1-3 at 7).

Officer Luttrell had reasonable suspicion to detain Mr. Cunningham because: (1) the truck was parked in an unlighted area at 10:00 p.m., away from businesses that would be open at that hour; (2) Officer Luttrell observed a hand-to-hand transaction between Mr. Cunningham and an individual who quickly walked away from the scene as Officer Luttrell approached; and (3) Officer Luttrell observed Mr. Cunningham's attempt to hide what turned out to be a bag containing contraband. *Id.* at 108-122. The New Mexico Court of Appeals further held Mr. Cunningham failed to make a prima facie showing of ineffective assistance of counsel, and did not address the due process claim. *Id.* at 123-26. Mr. Cunningham filed a petition for a writ of certiorari, (Doc. 11-3 at 1-17), which was denied by the New Mexico Supreme Court on May 9, 2016, *id.* at 18-19.

On August 1, 2016, Mr. Cunningham filed a state petition for a writ of habeas corpus, asserting: (1) his trial counsel was ineffective for failing to investigate and obtain the CAD report that would have shown the presence of a second officer at the scene; (2) his trial counsel had a conflict of interest because he stated he did not try to obtain the CAD report because he did not believe Mr. Cunningham's account as to the second officer's presence; (3) his convictions were obtained on Officer Luttrell's perjured testimony; (4) the investigatory detention was an illegal search and seizure; (5) he was denied a meaningful cross-examination of Officer Luttrell; (6) the prosecutor suppressed the second officer's identity; and (7) the transcript of the suppression hearing was altered to remove testimony proving Officer Luttrell testified falsely. *Id.* at 21-123, (Docs. 11-4, 11-5). The state district court summarily dismissed the habeas petition, stating that Mr. Cunningham's counsel's failure to retrieve the CAD report did not rise to the level of ineffective assistance of counsel. (Doc. 11-6 at 4-7).

Mr. Cunningham then filed a petition for a writ of certiorari with the New Mexico Supreme Court on December 7, 2016. *Id.* at 8-35. After ordering the State to file a response addressing Mr. Cunningham's ineffective assistance of counsel claim, *id.* at 36, the New Mexico Supreme Court summarily denied Mr. Cunningham's petition for a writ of certiorari, *id.* at 56. Petitioner subsequently filed the instant Petition.

In his Petition, Mr. Cunningham raises four grounds for relief: (1) he received ineffective assistance of counsel; (2) he was convicted on the basis of Officer Luttrell's perjured testimony; (3) he was wrongfully arrested; and (4) he was denied due process. (Doc. 1 at 5-10). Respondent does not dispute that Mr. Cunningham has exhausted available state court remedies as to all four of these claims, and states that the claims may be evaluated on their merits. (Doc. 11 at 5-7). However, Respondent contends Mr. Cunningham is not entitled to relief on his claims. *Id.* at 11-25.

## II.  Analysis

### A. *Governing Law and Standards of Review*

"A pro se litigant's pleadings are to be construed liberally." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Despite liberal construction of a pro se litigant's pleadings, however, courts cannot "assume the role of advocate" for him. *Id.* Courts "are not required to fashion [a pro se party's] arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Under 28 U.S.C. § 2254, a person in state custody may petition a federal court for relief on the ground that his detention violates the United States' Constitution or laws. § 2254(a). A petition under § 2254 may not be granted unless the state court

judgment: (1) resulted in a decision contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented. §§ 2254(d)(1)-(2). Federal courts must presume factual findings are correct, and a petitioner must present clear and convincing evidence to rebut that presumption. § 2254(e)(1).

A state court decision is "contrary to" clearly established law if it: (1) "applies a rule that contradicts the governing law set forth" in Supreme Court cases; or (2) if it "confronts a set of facts that are materially indistinguishable" from a Supreme Court decision and "nevertheless arrives at a result different from" the Supreme Court decision. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Similarly, a state court decision constitutes an "unreasonable application" of federal law when a state "unreasonably applies" Supreme Court precedent "to the facts of a prisoner's case." *Id.* at 409. The state court decision must be more than incorrect or erroneous. *Renico v. Lett*, 559 U.S. 766, 773 (2010). "Rather, the application must be 'objectively unreasonable.'" *Id.* (quoting *Williams*, 529 U.S. at 409). This imposes a "highly deferential standard of review," and state court decisions must be given the benefit of the doubt. *Id.*

The Court must be "doubly deferential" to a state court's decision when a petitioner claims ineffective assistance of counsel and a state court has decided the claim against the petitioner on the merits. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The Court must defer to the state court's determination that counsel's performance was not deficient and to counsel's decisions on how to represent the client.

*See Crawley v. Dinwiddie*, 584 F.3d 916, 922 (10th Cir. 2009). In applying these standards, the question before the Court is whether a state court's decision was unreasonable, not simply incorrect. *Knowles*, 556 U.S. at 123.

### B. *Petitioner's Motion for Addendum to the Case*

After filing his Petition, Mr. Cunningham filed a *Motion for Addendum to the Case*, (Doc. 7), in which he asks the Court to consider additional documents he states should have been filed with his Petition. (Doc. 7). The documents include additional arguments regarding Mr. Cunningham's ineffective assistance of counsel and due process claims, *id.* at 2-3, and an affidavit by Mr. Cunningham summarizing what happened on the night he was arrested, *id.* at 4-8. Respondent did not file a response to the motion, and addressed the addendum in its Answer to the Petition. *See, e.g.,* (Doc. 11 at 5, 15, 23). The Court finds that the information in the addendum helps clarify Mr. Cunningham's claims, and therefore recommends the *Motion for Addendum to the Case*, (Doc. 7), be granted.

### C. *Whether Petitioner is Entitled to Relief Under § 2254*

As stated, Mr. Cunningham raises four grounds for relief: (1) he received ineffective assistance of counsel; (2) he was convicted on the basis of Officer Luttrell's perjured testimony; (3) he was wrongfully arrested; and (4) he was denied due process. (Doc. 1 at 5-10). Respondent denies Mr. Cunningham is entitled to relief on any of these claims. The Court will address each in turn, discussing the parties' arguments, the state courts' findings and holdings, clearly established federal law, and whether Mr. Cunningham is entitled to relief.

1. _Ineffective Assistance of Counsel Claims_

Mr. Cunningham contends his trial counsel was ineffective because he failed to investigate Mr. Cunningham's claim that there was a second officer—Officer Simmons—at the scene. (Doc. 1 at 5), (Doc. 7 at 2). Specifically, Mr. Cunningham states his counsel failed to obtain the CAD report, which would have shown Officer Simmons was at the scene, and that Officer Simmons "could have offered different testimony" from Officer Luttrell if he had testified at the suppression hearing and trial. _Id._ In addition, Mr. Cunningham contends his trial counsel was ineffective for falsely telling the trial judge that Mr. Romero stated he did not write an affidavit clearing Mr. Cunningham of criminal liability. (Doc. 1 at 5), (Doc. 7 at 2-3).

In response, Respondent states that the CAD report would not have changed the result of the proceedings because it does not discredit Officer Luttrell's testimony. (Doc. 11 at 13). Because the CAD report shows Officer Simmons arrived at the scene 24 minutes after Officer Luttrell, Respondent contends any testimony from Officer Simmons would not have been material to Officer Luttrell's decision to approach the truck and arrest Mr. Cunningham. _Id._ at 13-14. In addition, Respondent argues the record does not support Mr. Cunningham's claim that his counsel was not truthful about Mr. Romero's affidavit. _Id._ at 14. Therefore, Respondent contends the state courts' decisions on Mr. Cunningham's ineffective assistance of counsel claim do not contravene clearly established federal law, and are not based on an unreasonable determination of the facts. _Id._

In _Strickland v. Washington_, the Supreme Court announced that "the proper standard for attorney performance is that of reasonably effective assistance." 466 U.S.

668, 687 (1984). When a convicted defendant claims ineffective assistance, the defendant must first "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Put differently, counsel's representation must have been "reasonable considering all the circumstances." *Id.*

In applying the objective standard of reasonableness to counsel's performance, a court gives considerable deference to an attorney's strategic decisions, and the attorney "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonably precise to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 691.

In addition to ineffective assistance, the defendant must show that "deficiencies in counsel's performance" were "prejudicial to the defense." *Id.* at 692. Here, '[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### a. <u>Failure to Obtain CAD Report</u>

Mr. Cunningham first claims that his counsel was ineffective for failing to obtain the CAD report which would have confirmed that Officer Simmons was on the scene.

(Doc. 1 at 5), (Doc. 7 at 2). The state district court dismissed this claim in Mr.

Cunningham's state habeas petition, stating: "Not retrieving CADs does not rise to the

level of ineffective assistance of counsel." (Doc. 11-6 at 4). After Mr. Cunningham filed a

petition for writ of certiorari, *id.* at 8-35, the New Mexico Supreme Court ordered the

State to address his ineffective assistance of counsel claim only, *id.* at 36. In its

response, the State explained that the CAD report would not have supported Mr.

Cunningham's claim because it does not provide any information that contradicts Officer

Luttrell's testimony. *Id.* at 44-53. The New Mexico Supreme Court then summarily

denied Mr. Cunningham's petition for writ of certiorari. *Id.* at 56.

Mr. Cunningham bases his claim on his prediction that Officer Simmons "could

have offered different testimony" from Officer Luttrell if he had testified at the

suppression hearing and trial. (Doc. 1 at 5), (Doc. 7 at 2). The Tenth Circuit has

explained that "the speculative witness is often a two-edged sword. For as easily as one

can speculate about favorable testimony, one can also speculate about unfavorable

testimony." *Boyle v. McKune*, 544 F.3d 1132, 1138 (10th Cir. 2008) (finding that "the

decision of which witnesses to call is quintessentially a matter of strategy for the trial

attorney"). Mr. Cunningham does not provide a basis for a finding that Officer Simmons'

testimony would have been helpful to his defense, as opposed to the testimony having a

neutral or even harmful effect on his defense. Moreover, since Officer Simmons arrived

approximately 20 minutes after Officer Luttrell initiated the interaction with Mr.

Cunningham, Officer Simmons' testimony would not be relevant as to Officer Luttrell's

decision to approach the truck, and to detain and arrest Mr. Cunningham. *See* (Doc. 1-1

at 12) (CAD report showing Officer Simmons arrived on the scene at 11:02 p.m., which

was 24 minutes after Officer Luttrell initiated the encounter). Therefore, the Court finds that Mr. Cunningham has not demonstrated that his counsel's performance fell below an objective standard of reasonableness, or that the result of the proceeding would have been different but for his counsel's allegedly unprofessional errors. *See Harrington v. Richter*, 562 U.S. 86, 108 (2011) ("An attorney need not pursue an investigation that would be fruitless, much less one that might be harmful to the defense."); *Anderson v. Attorney General of Kan.*, 425 F.3d 853, 858-59 (10th Cir. 2005) (explaining that a habeas petitioner's factual allegations must be "specific and particularized, not general or conclusory" in order to demonstrate the state court's findings were unreasonable). Accordingly, the Court finds that the state courts' decisions on this claim were not contrary to or an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts. §§ 2254(d)(1)-(2). The Court recommends this claim be denied.

> ### b. *Mr. Romero's Affidavit*

Next, Mr. Cunningham claims his counsel falsely told the trial judge that Mr. Romero, the man who was in the truck with Mr. Cunningham, said he did not write an affidavit clearing Mr. Cunningham of criminal liability. (Doc. 1 at 5), (Doc. 7 at 2-3). Respondent contends there is no support for this claim, and the state court did not err in denying this claim in Mr. Cunningham's state habeas petition. (Doc. 11 at 14).

At the suppression hearing, Mr. Cunningham's counsel stated that he had received "in the mail, an affidavit purportedly from Mr. Romero" which included a description of the encounter with Officer Luttrell that differs from Officer Luttrell's testimony, and that the affidavit stated that "[t]he police lied about the events of that

night." (Doc. 1-2 at 7). Defense counsel further stated that "[w]hen we did a witness interview of Mr. Romero, he essentially disavowed that affidavit," and that the affidavit would not be submitted into evidence. *Id.* at 7. Counsel for the prosecution then stated that Mr. Romero's attorney informed the parties that Mr. Romero was ruled incompetent in a few cases and was illiterate, and that both Mr. Romero and his attorney stated that the affidavit was false. *Id.* at 8. In considering Mr. Cunningham's direct appeal, the New Mexico Court of Appeals found that, because Mr. Romero had denied making the affidavit, and his competency had been questioned more than once, it was "sound trial strategy" for Mr. Cunningham's counsel not to call Mr. Romero as a witness. (Doc. 11-2 at 125) ("[G]iven that [Mr.] Romero disavowed the affidavit, we cannot say on direct appeal that defense counsel's decision to withdraw [Mr.] Romero as a witness was not sound trial strategy.").

Mr. Cunningham presents no evidence showing that his counsel's statements to the trial judge were false, and the statements are supported by counsel for the prosecution confirming that Mr. Romero and his attorney had disavowed the affidavit. The Court finds that Mr. Cunningham's assertion that his counsel testified falsely is conclusory and does not demonstrate that his counsel's performance fell below an objective standard of reasonableness. *See Fisher*, 38 F.3d at 1147, and *Hall*, 935 F.2d at 1110 (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim). Therefore, the Court finds that the state courts' decisions on this claim were not contrary to or an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts. §§ 2254(d)(1)-(2). The Court recommends that this claim be denied.

## 2. _Conviction on the Basis of Perjured Testimony Claim_

Next, Mr. Cunningham claims that he was convicted on the basis of Officer Luttrell's perjured testimony. (Doc. 1 at 7). He states that Officer Luttrell lied about: (1) seeing a hand-to-hand transaction; (2) seeing Mr. Cunningham make a furtive movement to hide the bag containing the narcotics and contraband; (3) approaching the vehicle on the passenger side and immediately taking Mr. Cunningham into custody; (4) where and how the evidence was found; and (5) there not being another officer on scene. _Id._

Respondent contends there is no evidence in the record that Officer Luttrell lied at either the suppression hearing or the trial, or that the prosecutor failed to correct what she knew to be perjured testimony. (Doc. 11 at 15-16). Respondent further argues the Court cannot make credibility determinations with regard to Officer Luttrell's testimony because "determination of a witness' credibility lies solely within the province of the jury." _Id._ at 17 (quoting _Rice v. Champion_, 58 Fed. Appx. 416, 420 (10th Cir. 2003) (unpublished)).

"[A] conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." _United States v. Agurs_, 427 U.S. 97, 103 (1976); _see also United States v. Wolny_, 133 F.3d 758, 762 (10th Cir.1998). The relevant inquiry is whether: (1) "the undisclosed evidence demonstrates that the prosecution's case includes perjured testimony;" (2) "the prosecution knew, or should have known, of the perjury;" and (3) "there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." _Agurs_, 427 U.S. at 103;

*see also Giglio v. United States*, 405 U.S. 150, 154 (1972) ("A new trial is required if the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury.").

Mr. Cunningham does not provide factual support for his claim that Officer Luttrell perjured himself, that the prosecution knew or should have known of any perjury, or that there is a reasonable likelihood that false testimony affected the judgment of the jury. The Court notes that Mr. Cunningham argues in his due process claim that Officer Luttrell falsely testified at the suppression hearing that another officer was not present at the scene. (Doc. 1 at 10), (Doc. 7 at 3). However, as further explained in Section II.C.4.b. below, the record does not support a finding that Officer Luttrell was not truthful at the suppression hearing. Moreover, even if Officer Luttrell had testified differently at the suppression hearing about the presence of Officer Simmons, "[c]ontradictions and changes in a witness's testimony alone do not constitute perjury and do not create an inference, let alone prove, that the prosecution knowingly presented false testimony." *Tapia v. Tansy*, 926 F.2d 1554, 1563 (10th Cir. 1991). Because Mr. Cunningham's claim is not sufficient to demonstrate the knowing presentation of perjury, the Court finds that the state courts' decisions were not contrary to or an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts. §§ 2254(d)(1)-(2). Therefore, the Court recommends that this claim be denied.

### 3. *Illegal Search and Seizure/Wrongful Arrest Claim*

Mr. Cunningham's next claim is that the officers conducted an illegal search of the truck without a warrant, which resulted in the illegal seizure of the evidence and Mr.

Cunningham's arrest. (Doc. 1 at 8). Respondent contends that, since Mr. Cunningham litigated this claim in state court, he may not pursue it in a federal habeas corpus petition. (Doc. 11 at 17-20) (relying on *Stone v. Powell*, 428 U.S. 465, 494 (1976)).

When the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a habeas petitioner may not relitigate that claim in federal court. *Stone*, 528 U.S. at 494; *see also Matthews v. Workman,* 577 F.3d 1175, 1194 (10th Cir. 2009). "[T]he opportunity for full and fair litigation 'includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim,' a 'full and fair evidentiary hearing,' and 'recognition and at least colorable application of the correct Fourth Amendment constitutional standards.'" *Harding v. McCollum*, 565 Fed. Appx. 764, 768-769 (10th Cir. 2014) (unpublished) (quoting *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978)).

Here, counsel for Mr. Cunningham filed a motion to suppress "any evidence found by the traffic stop of the vehicle made by Officer Luttrell on April 4, 2012 as it was a violation of his Fourth Amendment Right to be free from unreasonable search and seizure, namely that Officer [Luttrell] lacked reasonable suspicion to search the vehicle." (Doc. 11-1 at 17-22). The trial judge held a hearing on the motion, at which Officer Luttrell was questioned by Mr. Cunningham's counsel and the court, and was cross-examined by counsel for the prosecution. (Doc. 1-2 at 1-66). At the end of the hearing, the trial judge found that Officer Luttrell had reasonable suspicion to investigate what he believed was possible criminal behavior, and that this investigation developed into probable cause to arrest Mr. Cunningham. *Id.* at 56. An order denying the motion to suppress was entered on May 30, 2013, (Doc. 11-1 at 32-33), and Mr. Cunningham

then proceeded to trial. After Mr. Cunningham was convicted, his appellate counsel filed a direct appeal and argued that the trial court erred in denying the motion to suppress "because Officer Luttrell did not have reasonable, articulable suspicion to approach the vehicle and detain Mr. Cunningham." *Id.* at 50.

The New Mexico Court of Appeals set the direct appeal on its general calendar. *Id.* at 105. Mr. Cunningham's appellate counsel then filed a brief-in-chief in which she focused on Officer Luttrell's suppression hearing and trial testimony, arguing he did not have reasonable suspicion of criminal conduct. (Doc. 11-2 at 1-37). After full briefing, the New Mexico Court of Appeals held oral argument, and issued a ruling affirming the conviction. *Id.* at 106, 108-26. The court found that, considering the totality of the circumstances, the facts to which Officer Luttrell testified "gave rise to reasonable suspicion that [Mr. Cunningham] was, or was about to be, engaged in illegal activity." *Id.* at 122. Mr. Cunningham's counsel sought a petition for a writ of certiorari, which was denied by the New Mexico Supreme Court. (Doc. 11-3 at 1-17, 18-19). Mr. Cunningham then sought state habeas relief in which he again challenged the legality of the search and his arrest. (Doc. 11-5 at 7-9), (Doc. 11-6 at 9-11). Mr. Cunningham's petition was denied by the state court, and his petition for a writ of certiorari was denied by the New Mexico Supreme Court. (Doc. 11-6 at 4-7, 56).

Accordingly, Mr. Cunningham presented his Fourth Amendment claim to the state courts, received an evidentiary hearing on the claim, and the state courts applied Fourth Amendment constitutional standards in deciding the claim. *See Harding*, 565 Fed. Appx. at 768-769. Therefore, the Court finds that Mr. Cunningham received an opportunity for full and fair litigation of his Fourth Amendment claim in state court and,

pursuant to *Stone*, he may not relitigate this claim in his federal habeas petition. The Court recommends that this claim be denied.

### 4. *Denial of Due Process Claim*

Mr. Cunningham's last claim is that his due process rights were violated when: (1) the state failed to provide the identity of the second officer at the scene, Officer Simmons; (2) the state removed testimony proving Officer Luttrell lied under oath from the official transcripts of the suppression hearing and trial; and (3) the state court prevented Mr. Cunningham from impeaching Officer Luttrell at trial with testimony from the suppression hearing that would have shown Officer Luttrell lied. (Doc. 1 at 10), (Doc. 7 at 3). Respondent argues that Mr. Cunningham cannot establish that the state was aware that Officer Simmons was present at the scene and, regardless, Officer Simmons' presence is not material because he arrived more than 20 minutes after Officer Luttrell. (Doc. 11 at 20-22). Respondent further contends there is no support for Mr. Cunningham's claim that testimony was removed from the suppression hearing and trial transcripts, or that the trial court prevented Mr. Cunningham from impeaching Officer Luttrell with prior testimony. *Id.* at 22-25.

### a. *Failure to Provide Identity of Second Officer*

In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). Exculpatory evidence is material only if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a

probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *Agurs*, 427 U.S. at 109-110. In addition, the petitioner bears the burden of presenting evidence to establish a *Brady* violation. *Foster v. Ward*, 182 F.3d 1177, 1191 (10th Cir. 1999).

At the outset, the Court notes that Mr. Cunningham does not establish that the prosecution knew of Officer Simmons' presence at the scene. While the CAD report contains a notation that he arrived approximately 20 minutes after Officer Luttrell, as Respondent points out the record does not show that the prosecution was aware of the CAD report at the time of Mr. Cunningham's suppression hearing and trial. *See* (Doc. 1-1 at 12). While Mr. Cunningham's counsel stated at the suppression hearing that Mr. Cunningham had informed him of the presence of a second officer, the transcript indicates that the prosecution did not know about that officer and did not think there was a second officer on the scene. (Doc. 1-2 at 62) (counsel for the prosecution stating: "We have no information of [a second officer], so there's no way we could provide such an officer [as a witness], because we don't have any documents.").

Nevertheless, even if the state was aware of Officer Simmons' presence and failed to disclose it, Mr. Cunningham does not show how that information is material to his case. The record shows that at the suppression hearing Mr. Cunningham informed his counsel of the presence of a second officer. *Id.* at 61 (transcript of suppression hearing wherein Mr. Cunningham's counsel informs the court that Mr. Cunningham remembered another officer on the scene). Despite being told about Officer Simmons,

Mr. Cunningham's counsel decided not to call him as a witness, and the Court has found that this was a reasonable, strategic decision because it is unknown what Officer Simmons would say. *See* Section II.C.1.a., above. Therefore, even if the state had disclosed Officer Simmons' presence, Mr. Cunningham does not make a showing that the result of the proceeding would have been different. Absent that showing, the Court finds that the evidence Mr. Cunningham alleges was withheld is not material and does not establish a *Brady* violation.

### b. <u>Removal of Testimony From Transcripts</u>

The Court next addresses Mr. Cunningham's claim that the state removed some of Officer Luttrell's testimony from the transcripts of the suppression hearing and trial. *See* (Doc. 1 at 10). In his addendum to his petition, Mr. Cunningham states that pages 59-62 of the suppression hearing transcript indicate that Officer Luttrell had previously been asked about another officer's presence at the scene, but the previous questioning is no longer in the transcript, so Mr. Cunningham concludes the testimony must have been removed. (Doc. 7 at 3). These pages consist of a discussion between Mr. Cunningham's counsel, counsel for the prosecution, and the court about witnesses for Mr. Cunningham's upcoming trial. (Doc. 1-2 at 60-63). Mr. Cunningham's counsel states that Mr. Cunningham informed him that a second officer was present, and that Mr. Cunningham wished to put that officer on the witness list. *Id.* at 61. Counsel for the prosecution states that she does not have information about this second officer, and that Officer Luttrell testified there was not another officer present until he arrived at the transport center. *Id.*

The statement by the prosecution that Officer Luttrell testified there was not another officer present is not borne out by his testimony in the transcript, as he was not asked this question. *See* (Doc. 1-2 at 1-66). Nevertheless, it does not necessarily follow that the transcript was tampered with. Instead, as Respondent notes, this statement could have been the result of a misstatement or confusion by the prosecution's counsel, and does not establish that Officer Luttrell testified falsely. Therefore, the Court finds this is a conclusory allegation without supporting facts, and the Court recommends that the claim be denied. *See Hall*, 935 F.2d at 1110 (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim).

### c. *Prevention of Introduction of Impeachment Testimony*

Mr. Cunningham's final claim is that the state trial court violated his due process rights by ruling that testimony from the suppression hearing could not be used to impeach Officer Luttrell at trial. (Doc. 1 at 10), (Doc. 7 at 3). Mr. Cunningham cites to page 214 of the trial transcript, and states that the trial judge told Mr. Cunningham's attorney that the suppression hearing testimony could not be presented because the jury was not present at the suppression hearing. (Doc. 7 at 3) (citing Doc. 1-6 at 14).

"Ordinarily, a state court's evidentiary rulings cannot be challenged in a federal habeas petition because they do not involve clearly established federal law." *Aviles v. Archuleta*, 389 Fed. Appx. 853, 857-58 (10th Cir. 2010) (unpublished). The Tenth Circuit has further explained that "evidentiary objections merely raise questions of state law and, therefore, are cognizable on habeas only if the alleged error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Revilla v. Gibson*, 283 F.3d 1203, 1212 (10th Cir. 2002).

Here, the state court's evidentiary ruling to which Mr. Cunningham objects is the decision to sustain the prosecution's objection to defense counsel's request for Officer Luttrell to "draw the crime scene." (Doc. 1-6 at 13-14). At a bench conference on the objection, counsel for the prosecution stated the request was not proper because Officer Luttrell had not stated that a drawing would assist him in explaining his testimony. *Id.* at 14. Defense counsel then stated: "Your Honor, it goes to consistency. Your Honor was here when he testified before and secured the crime scene. It goes to whether he's giving consistent testimony with what he did before." *Id.* at 14. The court replied: "Except the jury wasn't here before, so all you need to do is establish what this witness says, giving the trier of fact an understanding of the timing." *Id.* The court sustained the objection. Subsequently, after defense counsel asked Officer Luttrell if making a drawing would help him describe the crime scene, and Officer Luttrell stated that it might, the court allowed Officer Luttrell to make the drawing. *Id.* at 15-16.

This portion of the transcript does not show that the state court ruled that Officer Luttrell's suppression hearing testimony could not be used to impeach him at trial. Instead, the state court sustained the prosecution's objection to Officer Luttrell making a drawing of the scene on the basis that defense counsel had not yet established that a drawing was necessary to help the jury's understanding of the setting. Once that basis was established by Mr. Cunningham's attorney, the state court allowed the drawing. Therefore, the Court finds that the record does not support Mr. Cunningham's claim. Moreover, Mr. Cunningham has not established that the state court's ruling on the prosecution's objection raises a federal claim, so this claim is not cognizable in a federal habeas petition. For these reasons, the Court recommends that this claim be denied.

### III. Conclusion

For the foregoing reasons, the Court finds that the state courts' decisions in this case were not contrary to or unreasonable applications of clearly established federal law, nor did they result in unreasonable determinations of fact in light of the evidence presented. The Court therefore **RECOMMENDS** that Mr. Cunningham's *Motion for Addendum to the Case*, (Doc. 7), be **GRANTED**, that his *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, (Doc. 1), be **DENIED**, and that this case be **DISMISSED WITH PREJUDICE.**

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE