IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS W. CUNNINGHAM,

      Petitioner,

v.                                                          No. CV 18-0007 KG/CG

ATTORNEY GENERAL of the
STATE OF NEW MEXICO,

      Respondent.

## ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Chief Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* (the "PFRD"), (Doc. 12), filed July 11, 2018, and Petitioner Thomas W. Cunningham's *Petitioner Objection to the Proposed Findings and Recommended Disposition* (the "Objections"), (Doc. 13), filed July 25, 2018. In the PFRD, the Chief Magistrate Judge recommended that Mr. Cunningham's *Motion for Addendum to the Case*, (Doc. 7), be granted, and that his *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (the "Petition"), (Doc. 1), be denied. (Doc. 12 at 22).

The parties were informed that objections to the PFRD were due within fourteen days of the date the PFRD was filed. *Id*. Mr. Cunningham timely objected to the PFRD. (Doc. 13). Respondent did not object to the PFRD or respond to the Objections, and the time for doing so has passed. *See* Rule 12 of the Rules Governing Section 2254 Proceedings in the United States District Courts; Fed. R. Civ. P. 72(B)(2). Following a *de novo* review of the Petition, Motion for Addendum, PFRD, and Objections, the Court will overrule the Objections, adopt the PFRD, grant the Motion for Addendum, deny the Petition, and dismiss this case with prejudice.

I.      Background

This case arises from Mr. Cunningham's April 4, 2012 arrest by Officer Chris Luttrell of the Albuquerque Police Department. (Doc. 11 at 2). Officer Luttrell states he saw Mr. Cunningham in the front passenger seat of a parked pickup truck in an unlighted loading area of a shopping center, that Valentino Romero was in the driver's seat, and an unidentified third party stood between Mr. Cunningham and the open passenger-side door. *Id.* Officer Luttrell states Mr. Cunningham engaged in a hand-to-hand transaction with the person standing by the passenger-side door, and that this individual quickly walked away from the scene when Officer Luttrell approached the truck. *Id.* at 3. Officer Luttrell further states he observed Mr. Cunningham attempt to hide what turned out to be a bag containing illegal narcotics and contraband. *Id.*

On May 29, 2013, the state judge held a hearing on Mr. Cunningham's motion to suppress the evidence that led to his arrest, at which Officer Luttrell was questioned by Mr. Cunningham's counsel and the court, and was cross-examined by counsel for the prosecution. (Doc. 1-2 at 1-66). At the hearing, Mr. Cunningham's counsel stated he had received "in the mail, an affidavit purportedly from Mr. Romero" which included a description of the encounter with Officer Luttrell that differs from Officer Luttrell's testimony, and that the affidavit stated that "[t]he police lied about the events of that night." *Id.* at 7. Defense counsel further stated that "[w]hen we did a witness interview of Mr. Romero, he essentially disavowed that affidavit," and that the affidavit would not be submitted into evidence. *Id.* at 7.

At the end of the hearing, the state judge found Officer Luttrell had reasonable suspicion to investigate what he believed was possible criminal behavior, and that this investigation developed into probable cause to arrest Mr. Cunningham. *Id.* at 56. The state judge and the parties then discussed the upcoming trial. Mr. Cunningham's counsel informed the court that Mr.

Cunningham had remembered the presence of a second officer on the scene and that Mr. Cunningham wanted to put this other officer on the witness list. *Id.* at 61. Counsel for the prosecution stated: "We have no information of [a second officer], so there's no way we could provide such an officer [as a witness], because we don't have any documents." *Id.* at 62.[1] The judge reminded the parties they had until ten days before the trial to disclose their witnesses. (Doc. 1-2 at 63).

On June 11, 2013, after a jury trial, Mr. Cunningham was convicted for possession of cocaine, heroin, drug paraphernalia, and marijuana. (Doc. 11-1). He was sentenced as a habitual offender to a total term of imprisonment of 8 years and 14 days, with 2 years and 14 days suspended. *Id.* at 5. Mr. Cunningham began serving a 5-year term of supervised probation on November 24, 2015. *Id.* at 8-10.

On December 16, 2013, Mr. Cunningham appealed his convictions, arguing: (1) the trial court erred in denying his motion to suppress the contraband seized from the truck; and (2) the evidence was insufficient to support his convictions. *Id.* at 42-61. The New Mexico Court of Appeals proposed summary affirmance of Mr. Cunningham's convictions, *id.* at 62-74, after which Mr. Cunningham amended his appeal to add two claims: (1) the trial court denied his right to due process by limiting the defense's questioning of Officer Luttrell for impeachment purposes; and (2) defense counsel was ineffective for failing to call Mr. Romero as a witness, *id.* at 75-104.

---

[1] The Chief Magistrate Judge explained in the PFRD that a computer aided dispatch ("CAD") report of the incident shows that a second officer, Officer Simmons, arrived at the scene approximately 20 minutes after Officer Luttrell. *See* (Doc. 12 at 3), (Doc. 1-1 at 12, showing Officer Luttrell initiated the encounter with Mr. Cunningham around 9:38 p.m., and that Officer Simmons arrived at 10:02 p.m.). The Chief Magistrate Judge further explained that the record shows the prosecution was not aware of the CAD report at the time of Mr. Cunningham's suppression hearing or trial, Mr. Cunningham received the CAD report subsequent to his trial, and neither Mr. Cunningham nor the prosecution called Officer Simmons as a witness at the trial. *See* (Doc. 12 at 3), (Doc. 1-3 at 7).

In a Memorandum Opinion issued March 15, 2016, the New Mexico Court of Appeals affirmed Mr. Cunningham's convictions. (Doc. 11-2 at 108-26). It held that Officer Luttrell had reasonable suspicion to detain Mr. Cunningham because: (1) the truck was parked in an unlighted area at 10:00 p.m., away from businesses that would be open at that hour; (2) Officer Luttrell observed a hand-to-hand transaction between Mr. Cunningham and an individual who quickly walked away from the scene as Officer Luttrell approached; and (3) Officer Luttrell observed Mr. Cunningham's attempt to hide what turned out to be a bag containing contraband. *Id.* at 108-22. The New Mexico Court of Appeals further held Mr. Cunningham failed to make a prima facie showing of ineffective assistance of counsel, and did not address the due process claim. *Id.* at 123-26. Mr. Cunningham filed a petition for a writ of certiorari, (Doc. 11-3 at 1-17), which was denied by the New Mexico Supreme Court on May 9, 2016, *id.* at 18-19.

On August 1, 2016, Mr. Cunningham filed a state petition for a writ of habeas corpus, asserting: (1) his trial counsel was ineffective for failing to investigate and obtain the computer aided dispatch ("CAD") report that would have shown the presence of a second officer at the scene; (2) his trial counsel had a conflict of interest because he stated he did not try to obtain the CAD report because he did not believe Mr. Cunningham's account as to the second officer's presence; (3) his convictions were obtained on Officer Luttrell's perjured testimony; (4) the investigatory detention was an illegal search and seizure; (5) he was denied a meaningful cross-examination of Officer Luttrell; (6) the prosecutor suppressed the second officer's identity; and (7) the transcript of the suppression hearing was altered to remove testimony proving Officer Luttrell testified falsely. *Id.* at 21-123, (Docs. 11-4, 11-5). The state district court summarily dismissed the habeas petition, stating that Mr. Cunningham's counsel's failure to retrieve the CAD report did not rise to the level of ineffective assistance of counsel. (Doc. 11-6 at 4-7).

Mr. Cunningham then filed a petition for a writ of certiorari with the New Mexico Supreme Court on December 7, 2016. *Id.* at 8-35. After ordering the State to file a response addressing Mr. Cunningham's ineffective assistance of counsel claim, *id.* at 36, the New Mexico Supreme Court summarily denied Mr. Cunningham's petition for a writ of certiorari, *id.* at 56. Mr. Cunningham subsequently filed his Petition.

In his Petition, Mr. Cunningham raises four grounds for relief: (1) he received ineffective assistance of counsel; (2) he was convicted on the basis of Officer Luttrell's perjured testimony; (3) he was wrongfully arrested; and (4) he was denied due process. (Doc. 1 at 5-10). Respondent does not dispute that Mr. Cunningham has exhausted available state court remedies as to all four of these claims, and states that the claims may be evaluated on their merits. (Doc. 11 at 5-7). However, Respondent contends Mr. Cunningham is not entitled to relief on his claims. *Id.* at 11-25

In the PFRD, the Chief Magistrate Judge first found that Mr. Cunningham's *Motion for Addendum to the Case*, (Doc. 7), in which he asks the Court to consider additional documents, provides information that helps clarify Mr. Cunningham's claims. (Doc. 12 at 7). Therefore, the Chief Magistrate Judge recommended the motion be granted. *Id.*

Next, the Chief Magistrate Judge considered Mr. Cunningham's claims, explaining that under § 2254 Mr. Cunningham must show that the state courts' decisions were contrary to or an unreasonable application of clearly established federal law, or that they were unreasonable determinations of fact. 28 U.S.C. § 2254(d); *Id.* at 5-7. The Chief Magistrate Judge found that the state courts' decisions that Mr. Cunningham's counsel was not ineffective, and that Mr. Cunningham was not convicted on the basis of perjured testimony, were not contrary to or an unreasonable application of clearly established federal law. *Id.* at 9-14. In addition, the Chief

Magistrate Judge found that Mr. Cunningham received an opportunity for full and fair litigation of his Fourth Amendment claim in state court; therefore, pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), he may not relitigate that claim in his federal habeas petition. *Id.* at 14-17. Finally, the Chief Magistrate Judge found that Mr. Cunningham failed to establish that his due process rights were violated based on his allegations that: (1) the state failed to provide the identity of the second officer at the scene; (2) the state removed testimony from the official transcripts of the suppression hearing and trial; and (3) the state court prevented Mr. Cunningham from impeaching Officer Luttrell. *Id.* at 17-21. The Chief Magistrate Judge therefore recommended that Mr. Cunningham's Petition be denied. *Id*. at 22.

Mr. Cunningham has timely objected to the PFRD. He first objects to the Chief Magistrate Judge's findings regarding his counsel's failure to call Officer Simmons to testify. (Doc. 13 at 1-2). Specifically, Mr. Cunningham argues it was not trial strategy for his counsel not to call Officer Simmons, and instead his counsel simply did not believe Mr. Cunningham's story. *Id.* at 2. Next, Mr. Cunningham objects to the Chief Magistrate Judge's failure to give any weight to Mr. Romero's confession that the evidence in the truck belonged to him. *Id.* Finally, Mr. Cunningham objects to the Chief Magistrate Judge's findings regarding his claim that he was convicted on the basis of perjured testimony, arguing that the trial judge wrongly stated that Officer Luttrell was alone at the scene. *Id.*

II.     Analysis

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected.  28 U.S.C. § 636(b)(1)(C).  Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial

efficiency." *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id*. at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

    A. <u>*Officer Simmons*</u>

First, Mr. Cunningham objects to the Chief Magistrate Judge's finding that his counsel was not ineffective for failing to call Officer Simmons to testify. (Doc. 13 at 1). Mr. Cunningham contends his counsel's decision not to call Officer Simmons to testify was not based on trial strategy but, instead, was because his counsel did not believe Mr. Cunningham's story. *Id.* at 1-2.

In order to show ineffective assistance of counsel, Mr. Cunningham must show that his trial counsel's performance was objectively unreasonable and that he was prejudiced by his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). In order to obtain relief here, Mr. Cunningham must show that the state courts' decisions that his trial counsel was not ineffective was "contrary to, or involved an unreasonable application" of *Strickland*. *See* 28 U.S.C. § 2254(d)(1).

In the PFRD, the Chief Magistrate Judge considered Mr. Cunningham's claim that his counsel was ineffective for failing to obtain the CAD report which would have confirmed that Officer Simmons was on the scene. (Doc. 12 at 9-11). Mr. Cunningham argued his counsel should have pursued Officer Simmons because Officer Simmons "could have offered different testimony" from Officer Luttrell if he had testified at the suppression hearing and trial. (Doc. 1 at 5), (Doc. 7 at 2). The Chief Magistrate Judge found this was not a sufficient basis for a finding

7

that Officer Simmons' testimony would have been helpful to Mr. Cunningham's defense, as opposed to having a neutral or even harmful effect on his defense. (Doc. 12 at 10). In addition, the Chief Magistrate Judge noted that, because Officer Simmons arrived approximately 20 minutes after Officer Luttrell initiated the interaction with Mr. Cunningham, Officer Simmons' testimony would not be relevant as to Officer Luttrell's decision to approach the truck, and to detain and arrest Mr. Cunningham. *Id.* Therefore, the Chief Magistrate Judge found that the state courts' decisions on this claim were not contrary to or an unreasonable application of clearly established federal law. *Id.* at 11.

Mr. Cunningham argues in his Objections that his counsel's decision to not call Officer Simmons was not based on trial strategy but, instead, was because his counsel did not believe Mr. Cunningham's story. (Doc. 13 at 2). As explained in the PFRD, "the decision of which witnesses to call is quintessentially a matter of strategy," and a habeas petitioner fails to demonstrate prejudice under *Strickland* where the contents of a potential witness's testimony are wholly speculative, because such a witness may have proved harmful rather than helpful. *Boyle v. McKune*, 544 F.3d 1132, 1138 (10th Cir. 2008) ("And the speculative witness is often a two-edged sword. For as easily as one can speculate about favorable testimony, one can also speculate about unfavorable testimony."). Moreover, a habeas petitioner must make "specific and particularized, not general or conclusory" factual allegations in order to demonstrate that a state court's decision was unreasonable. *Anderson v. Attorney General of Kan.*, 425 F.3d 853, 858-59 (10th Cir. 2005).

Here, Mr. Cunningham has not provided a specific or particularized factual allegation that Officer Simmons' testimony would have supported Mr. Cunningham's defense. Therefore, even if Mr. Cunningham's counsel did not believe Mr. Cunningham's story, his decision not to

call Officer Simmons as a witness is not contrary to clearly established federal law. For these reasons, the Court finds no error in the Chief Magistrate Judge's findings on this issue, and will overrule Mr. Cunningham's objection.

### B. *Mr. Romero's Affidavit*

Next, Mr. Cunningham objects to the Court's failure to give any weight to Mr. Romero's affidavit stating that the evidence in the truck belonged to him. (Doc. 13 at 2). In the PFRD, the Chief Magistrate Judge considered Mr. Cunningham's claim that his counsel was untruthful when he told the state trial judge that Mr. Romero, the man who was in the truck with Mr. Cunningham, said he did not write an affidavit clearing Mr. Cunningham of criminal liability. (Doc. 12 at 11-12). The Chief Magistrate Judge explained that at the suppression hearing, Mr. Cunningham's counsel stated that he had received "in the mail, an affidavit purportedly from Mr. Romero" which included a description of the encounter with Officer Luttrell that differs from Officer Luttrell's testimony, and that the affidavit stated that "[t]he police lied about the events of that night." (Doc. 1-2 at 7). Defense counsel further stated that "[w]hen we did a witness interview of Mr. Romero, he essentially disavowed that affidavit," and that the affidavit would not be submitted into evidence. *Id.* at 7. Counsel for the prosecution then stated that Mr. Romero's attorney informed the parties that Mr. Romero was ruled incompetent in a few cases and was illiterate, and that both Mr. Romero and his attorney stated that the affidavit was false. *Id.* at 8.

The Chief Magistrate Judge found that Mr. Cunningham presented no evidence showing that his counsel's statements to the trial judge were false, and further noted that his counsel's statements were supported by the prosecutor confirming that Mr. Romero and his attorney had

9

disavowed the affidavit. (Doc. 12 at 12). Therefore, the Chief Magistrate Judge recommended denying Mr. Cunningham's claim that his counsel testified falsely. *Id.*

In his Objections, Mr. Cunningham presents no additional evidence regarding Mr. Romero or his affidavit. Moreover, the Court notes that in considering Mr. Cunningham's direct appeal, the New Mexico Court of Appeals found that it was "sound trial strategy" for Mr. Cunningham's counsel not to call Mr. Romero as a witness because Mr. Romero had denied making the affidavit and his competency had been questioned more than once. (Doc. 11-2 at 125) ("[G]iven that [Mr.] Romero disavowed the affidavit, we cannot say on direct appeal that defense counsel's decision to withdraw [Mr.] Romero as a witness was not sound trial strategy."). For these reasons, the Court finds no error in the Chief Magistrate Judge's findings regarding Mr. Romero's affidavit and will overrule this objection.

    C. *Statement by the Trial Judge*

Finally, Mr. Cunningham objects to the Chief Magistrate Judge's findings regarding statements made at the suppression hearing that there was not a second officer present at the scene. (Doc. 13 at 2). In considering this claim, the Chief Magistrate Judge referred to the transcript of the suppression hearing wherein the state judge and counsel discussed the witnesses for Mr. Cunningham's upcoming trial. (Doc. 12 at 13-14, 19-20) (citing Doc. 1-2 at 60-63). Mr. Cunningham's counsel stated that Mr. Cunningham informed him that a second officer was present, and the prosecutor responded that she does not have information about this second officer, and that Officer Luttrell testified there was not another officer present until he arrived at the transport center. (Doc. 1-2 at 61). The Chief Magistrate Judge noted that the prosecutor's statement that Officer Luttrell testified there was not another officer present is not borne out by his testimony earlier in the transcript, as he was not asked this question. (Doc. 12 at 20).

10

Nevertheless, the Chief Magistrate Judge found that this mistake by the prosecutor did not provide sufficient support for Mr. Cunningham's claims that he was convicted on the basis of perjury or that the hearing transcript was tampered with. *Id.* at 14, 20.

In his Objections, Mr. Cunningham argues that the state trial judge, in addition to the state prosecutor, wrongly stated that Officer Luttrell was alone at the scene. (Doc. 13 at 2). Mr. Cunningham is correct that at the suppression hearing the state judge also stated that Officer Luttrell had testified earlier that there was not a second officer at the scene. *See* (Doc. 1-2 at 62). Nevertheless, as explained by the Chief Magistrate Judge, in order to find that a defendant was convicted on the basis of perjury, the Court must determine that: (1) "the undisclosed evidence demonstrates that the prosecution's case includes perjured testimony;" (2) "the prosecution knew, or should have known, of the perjury;" and (3) "there is a[] reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976); *United States v. Wolny*, 133 F.3d 758, 762 (10th Cir.1998).

Mr. Cunningham's objection regarding the state judge's statement at the suppression hearing is conclusory because he does not explain how the statement affected the outcome of his state case. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.") (citations omitted). Because Mr. Cunningham makes no showing that the prosecution knew of any perjured testimony or that any such testimony affected the judgment of the jury, the Court agrees with the Chief Magistrate Judge that Mr. Cunningham's claim should be denied. Therefore, the Court will overrule this objection.

III.     Conclusion

For the foregoing reasons, the Court finds that the Chief Magistrate Judge conducted the proper analysis and correctly concluded that the state courts' decisions were not contrary to or unreasonable applications of clearly established federal law, or resulted in an unreasonable determination of facts in light of the evidence presented. Therefore, Mr. Cunningham's Objections are overruled.

IT IS THEREFORE ORDERED that Mr. Cunningham's *Motion for Addendum to the Case*, (Doc. 7), is GRANTED, his *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, (Doc. 1), is DENIED, and this case shall be DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE